UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN MAHONEY,<br><br>            Plaintiff,<br><br>       v.<br><br>SECURITY FIRST MORTGAGE, INC.,<br><br>            Defendant. | CASE NO. C11-1614JLR<br><br>ORDER DISMISSING MATTER FOR LACK OF SUBJECT MATTER JURISDICTION |

## I.    INTRODUCTION

This matter comes before the court on the court's *sua sponte* November 2, 2011 order to show cause why this action should not be dismissed for lack of subject matter jurisdiction (Dkt. # 5). Plaintiff Brian Mahoney filed a response to the order to show cause on November 9, 2011 (Resp. (Dkt. # 6)). Additionally, on November 15, 2011, Defendant Security First Mortgage, Inc. ("Security First") filed its answer to Mr.

ORDER- 1

Mahoney's complaint (Dkt. # 8).[1]  The court has carefully reviewed Mr. Mahoney's complaint (Compl. (Dkt. # 1)) and response to the order to show cause.  For the reasons discussed below, the court is not satisfied that federal jurisdiction exists over this action, and therefore, DISMISSES Mr. Mahoney's claims against Security First without prejudice.

## II.   BACKGROUND

Mr. Mahoney filed the present action in this court on November 2, 2011, alleging (1) four separate causes of action under the Washington Mortgage Broker Practices Act ("WMBPA"), RCW 19.146, *et seq.*, and (2) one count under the Washington Consumer Protection Act.  (*See generally* Compl.)  Mr. Mahoney's causes of action are generally based on the lending practices of Security First during Mr. Mahoney's efforts to obtain a loan.  Although Mr. Mahoney's complaint does not allege any federal causes of action, in its second cause of action it states that Security First failed to provide federally required disclosures under the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), and in its third cause of action it states that Security First charged deceptive fees in violation of RESPA.  (Compl. ¶¶ 13, 20, 24.)  The complaint does not, however, plead a claim under TILA or RESPA.  (*Id.*)

On November 2, 2011, the court issued a show cause order as to why this matter should not be dismissed for lack of subject matter jurisdiction (Dkt. # 5).  In his response, Mr. Mahoney admits that all of his claims are state-law claims, but he argues that federal

---

[1] Security First does not contest subject matter jurisdiction in its answer.  (*See generally* Dkt. # 8.)

jurisdiction exists for his claims because they arise from violations of federal law. (Resp. at 1.) Mr. Mahoney makes two central points in his response. First, Mr. Mahoney argues that interpretation of federal law is "necessary to determine whether some of plaintiff's claims . . . will be successful," because Washington Mortgage Broker Practices Act ("WMBPA") provides a safe harbor based on federal law so that compliance with RESPA's disclosures requirements is deemed to be compliance with WMBPA's disclosure requirements. (*Id.* at 2.) Second, Mr. Mahoney argues that WMBPA incorporates TILA and RESPA such that a violation of TILA or RESPA constitutes a violation of WMBPA (*Id.*) Therefore, Mr. Mahoney argues, his state-law claims under WMBPA "rest on violations of federal law." (*Id.*)

### III.   SUBJECT MATTER JURISDICTION

A case "aris[es] under" federal law within the meaning of 28 U.S.C. § 1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, --- U.S. ----, 126 S. Ct. 2121, 2131 (2006) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

The Supreme Court has long recognized that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues or "turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (citation omitted). This "slim category" of cases, *Empire*, 126 S. Ct. at 2137, reflects the "commonsense notion that a federal court

ORDER- 3

ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312.

However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). To determine whether a state law claim "arises under" federal law for purposes of subject matter jurisdiction, the court must inquire whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Thus, even if the complaint raises a disputed and substantial federal issue, the exercise of jurisdiction must be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Id.* at 313.

Mr. Mahoney makes two arguments to support federal jurisdiction in this matter: First, WMBPA incorporates federal law such that compliance with RESPA's disclosure requirements (federal law) is deemed compliance with WMBPA's disclosure requirements; and second, that some of his state-law claims may require resolution of federal law, in particular RESPA and TILA. (Resp. at 1-2.) Neither of Mr. Mahoney's arguments provides the court with jurisdiction over his state-law claims. With respect to Mr. Mahoney's argument that state law invokes federal law as a defense, it is well-settled

law that a "defense that raises a federal question is inadequate to confer federal jurisdiction." *Thompson*, 478 U.S. at 808 (citation omitted). This rule of law holds "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Application of this rule-of-law to the present matter dictates that even though Security First may argue its compliance with federal law as a defense to Mr. Mahoney's state-law claims, such limited inclusion of federal law in the instant lawsuit fails to confer federal jurisdiction to purely-state law claims.

Next, Mr. Mahoney's second argument that federal jurisdiction exists because some of his state-law claims may require resolution of federal law also fails. The Supreme Court examined an analogous matter in *Thompson*, 478 U.S. 804. There, the Court held that federal question jurisdiction did not exist where state law made it negligence *per se* to violate a federal regulation, thereby requiring resolution of the federal issue in the state-law negligence claim. *Id.* at 810. Similarly, here, WMBPA incorporates RESPA and TILA into its statutory framework, making a violation of RESPA's or TILA's disclosure requirements also a violation of the WMBPA. Accordingly, based on *Thompson*, this court concludes that federal jurisdiction does not exist in this matter for Mr. Mahoney's claims under WMBPA, despite its incorporation of RESPA and TILA. *See also Perez v. Nidek Co. Ltd.*, 657 F. Supp. 2d 1156, 1159-651 (S.D. Cal 2009) (finding that federal jurisdiction is not created by the fact Plaintiffs' state-law claims hinge upon violations of the federal Food, Drug, and Cosmetic Act).

Additionally, because Mr. Mahoney's Washington Consumer Protection Act claim is entirely based on state law, this claim also lacks federal-question jurisdiction.

Moreover, the court determines that exercise of federal jurisdiction in the present action would upset the balance between state and federal courts, because it would, in direct contravention of *Thompson* and *Grable*, open the federal courthouse to any number of state law causes of actions that invoke a federal law or federal standard, or stand against the backdrop of a federal regulatory scheme.  Congress could not have intended that every state-law action that involved a federal issue to be brought in federal court.  On the other hand, adjudication of Mr. Mahoney's state-law claims in state court will not disturb the federal interest in and need for uniformity with respect to governing the lending practices of brokers.  Here, Mr. Mahoney has set forth five state-law causes of action (three of which do not require interpretation of any federal law) that are better left for the state courts to adjudicate.  Additionally, Mr. Mahoney has set forth specific facts about the loan in question and alleged that some of these facts demonstrate that Security First failed to meet federal disclosure requirements of RESPA and TILA.  Whether Security First's disclosures meet the federal disclosure requirements is a straightforward application of law certainly within the capacity of the able state court.

In sum, Mr. Mahoney's complaint states only state-law causes of action and seeks only state-law remedies.  Although some of those state-law actions may require a resolution of federal law, it does not follow that such actions fall within the purview of

1 | the federal courts.  As such, the court lacks subject matter jurisdiction over this action,
2 | and must therefore dismiss Mr. Mahoney's claims against Security First without
3 | prejudice.  The court directs the clerk to enter judgment consistent with this order.
4 |     Dated this 12th day of December, 2011.

 

*(signature)*

The Honorable James L. Robart
U.S. District Court Judge

ORDER- 7